T.C. Summary Opinion 2019-24

UNITED STATES TAX COURT

MILTON H. THOMAS II AND PRISCILLA SNELLING THOMAS, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21655-17S.                    Filed August 26, 2019.

Milton H. Thomas II and Priscilla Snelling Thomas, pro sese.

<u>Christopher D. Bradley</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated October 2, 2017, respondent determined a deficiency of $5,000 in petitioners' 2015 Federal income tax.  After concessions,[2] the sole issue for decision is whether petitioners are entitled to the American Opportunity Credit related to their daughter ET.[3]

## Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts by this reference.  Petitioners resided in Georgia when the petition was timely filed.

Petitioners have two daughters, ET and EMT, who were each enrolled in postsecondary education during taxable year 2015.  Petitioners' older daughter,

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round monetary amounts to the nearest dollar.

[2]Respondent concedes that, for the 2015 taxable year, petitioners are entitled to deduct $2,885 in education expenses and that they are entitled to the American Opportunity Credit for their younger daughter, EMT.

[3]We refer to petitioners' children by their initials.

ET, was enrolled at Columbus State University in Columbus, Georgia, from fall 2011 through fall 2015. During that time ET completed nine scholastic semesters plus summer school for a total of 4½ years of postsecondary education. She graduated with her bachelor's degree in December 2015. Petitioners' daughter EMT began her first year of postsecondary study in fall 2015.

Petitioners timely filed their 2015 Form 1040, U.S. Individual Income Tax Return. On the Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits), petitioners claimed the nonrefundable education credit of $3,000 and the refundable American Opportunity Credit of $2,000. The claimed education credits relate to education expenses for ET and EMT.

Petitioners had previously claimed the American Opportunity Credit on their Forms 1040 for tax years 2011, 2012, 2013, and 2014. They claimed the credit for tax year 2011 in relation to both petitioner wife, Dr. Priscilla Snelling Thomas, and ET. For tax years 2012 through 2014 they claimed the credit solely in relation to ET. In total petitioners claimed the American Opportunity Credit in relation to ET's postsecondary education for five taxable years (2011 through 2015).

Respondent determined a deficiency of $5,000 with respect to petitioners' 2015 Federal income tax. The deficiency resulted from respondent's disallowance

of petitioners' claimed education credit and American Opportunity Credit, based upon the determination that petitioners had failed to supply supporting information for the credits. Respondent now concedes that petitioners have substantiated $2,885 in education expenses for taxable year 2015, as well as their entitlement to the American Opportunity Credit for EMT. The issue is whether they are entitled to any greater amount of American Opportunity Credit for ET.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Like deductions, tax credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any credit claimed. See Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must also maintain adequate records to substantiate the amounts of any credits. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners did not allege or

otherwise show that section 7491(a) applies.  See sec. 7491(a)(2)(A) and (B).

Therefore, petitioners bear the burden of proof.  See Rule 142(a).

## II.  Education Credits

The Code allows for a variety of education credits, including the American Opportunity Credit, a modified version of the Hope Scholarship Credit that was in effect for tax year 2015.  See sec. 25A(i).  The American Opportunity Credit provides for a credit against tax equal to 100% of qualified tuition and related expenses paid by a taxpayer during the taxable year up to $2,000, plus 25% of such expenses paid that exceed $2,000 but do not exceed $4,000, allowing for a maximum credit of $2,500.  Sec. 25A(i)(1).  Up to 40% of the credit may be refundable.  Sec. 25A(i)(5).  The credit is allowed for the first four years of postsecondary education for qualified tuition and expenses including required course materials.  Sec. 25A(i)(2) and (3).  The credit is allowed only for four taxable years with respect to any eligible student.  Sec. 25A(i)(2).[4]  To be eligible for the credit a student must be enrolled in at least one academic period and must

---

[4]Sec. 25A(i)(2) modifies sec. 25A(b)(2)(A) to read:  "Credit allowed only for 4 taxable years.--An election to have this section apply with respect to any eligible student for purposes of the Hope Scholarship Credit under subsection (a)(1) may not be made for any taxable year if such an election (by the taxpayer or any other individual) is in effect with respect to such student for any 4 prior taxable years."

be taking at least one-half of a normal full-time workload for a student in that course of study. Sec. 25A(b)(2)(B), (3)(B).

The record shows that by 2015 petitioners had claimed and received the American Opportunity Credit for four taxable years (2011 through 2014) in relation to ET's postsecondary education. Thus, they are not eligible for the credit for ET for taxable year 2015. See sec. 25A(i)(2). On the basis of the record, we conclude that petitioners are not entitled to the American Opportunity Credit in relation to ET's postsecondary education for tax year 2015.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under

Rule 155.